UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMOS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS, et al.,<br><br>    Defendants. | No. 2:22-cv-0004 DB P<br><br>ORDER |

Plaintiff, a state prisoner, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on December 29, 2021 (ECF No. 1) is before the court for screening. For the reasons set forth below, the complaint's allegations fail to state a claim. Plaintiff will be granted leave to file an amended complaint.

**I.     In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) Plaintiff's declaration motion makes the showing required by 28 U.S.C. § 1915(a). The motion will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate

1

1  agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the
2  Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of 20% of
3  the preceding month's income credited to plaintiff's prison trust account. These payments will be
4  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
5  account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

6  **II.     Screening Requirement**

7      The court is required to screen complaints brought by prisoners seeking relief against a
8  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
9  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
10 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
11 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).
12 A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.
13 Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
14 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal
15 theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical
16 inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v.
17 Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
18     Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement
19 of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.
20 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a
21 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
22 sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts
23 alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it
24 rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In
25 reviewing a complaint under this standard, the court accepts as true the allegations of the
26 complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer
27 v. Rhodes, 416 U.S. 232, 236 (1974).
28 ////

### III. Allegations in the Complaint

COVID-19 was spreading in plaintiff's housing unit at High Desert State Prison. (ECF No. 1 at 3.) On an unspecified date, plaintiff's cell mate received a "positive notice" in the mail. (Id.) Plaintiff filed a request form to find out if he was infected. (Id.) Plaintiff also asked C/O Barker for a cell transfer. (Id.) C/O Barker housed plaintiff with a cell mate who was "super infected," coughing, and on a respirator. (Id.) Plaintiff was asymptomatic but scared. (Id.)

The next morning, plaintiff's new cell mate went to the emergency room. (Id.) C/O Mathison removed the cell mate's door tag but did not gather the cell mate's property, which remained in the cell with plaintiff for seven days. (Id.) Plaintiff tried to hide the property for his cell mate but got accused of stealing and was written up. (Id.)

Plaintiff names as defendants the California Department of Corrections ("CDCR"), C/O Barker, and C/O Mathison. He seeks monetary damages. (ECF No. 1 at 3.)

### IV. Discussion

#### A. CDCR – Improper Defendant

The Eleventh Amendment bars a suit against a state or state agency absent a valid waiver or abrogation of its sovereign immunity. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 10 (1890). This immunity applies regardless of whether the relief sought is for damages or injunctive relief, Alabama v. Pugh, 438 U.S. 731, 732 (1978), and regardless of whether the claim arises under federal or state law, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984).

While Congress may validly abrogate a state's sovereign immunity by statute, the Supreme Court has repeatedly emphasized that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Kentucky v. Graham, 473 U.S. 159, 169 n.17 (1985); accord Quern v. Jordan, 440 U.S. 332, 342 (1979). The "State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999). Thus, CDCR is immune from this suit under the Eleventh Amendment. See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009); cf. Holley v. Cal. Dep't of Corrs., 599 F.3d 1108, 1111-12 (9th Cir. 2010) (affirming

1  dismissal of complaint against CDCR because California had not constructively waived its
2  sovereign immunity by accepting federal funds).

### B. Eighth Amendment

Plaintiff appears to attempt to state a claim under the Eighth Amendment based on a housing placement with a very ill cell mate who was COVID-positive. To state a claim under the Eighth Amendment, a prisoner must allege that, objectively, he suffered a serious deprivation and, subjectively, prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates[.]" Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) and Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Id. at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

To prove the objective component, an inmate must establish there was some degree of actual or potential injury, and that society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. Helling v. McKinney, 509 U.S. 25, 36 (1993). As to the subjective component, "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment" and thus the defendant must have acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297 (internal quotations marks, emphasis, and citations omitted). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842.

Here, the risks associated with COVID-19 are objectively, sufficiently serious under the Eighth Amendment. Nevertheless, plaintiff's current allegations fail to state a cognizable claim. Plaintiff alleges that while he was asymptomatic, C/O Barker placed him with a COVID-positive cell mate who was very sick. These sparse allegations fall short of plausibly suggesting that C/O

Barker acted with a sufficiently culpable state of mind to an obvious risk to plaintiff. To any extent plaintiff became infected with COVID-19, the complaint's allegations fail to plausibly suggest the infection resulted from any action or omission by C/O Barker. To the contrary, the complaint implies plaintiff was exposed to COVID-19 and tested positive for COVID-19 prior to the challenged housing placement by C/O Barker. Moreover, to the extent plaintiff describes himself as asymptomatic, there is no indication he suffered actionable harm in the form of a physical injury as a result of the housing placement by C/O Barker. See 42 U.S.C. § 1997e(e) (no federal civil action for mental or emotional injury may be brought by a prisoner without a showing of physical injury or the commission of a sexual act). Plaintiff will have an opportunity to amend.

### B. Failure to State a Claim based on Cell Mate's Property

Plaintiff appears to attempt to state a claim against C/O Mathison pertaining to the property that belonged to plaintiff's cell mate and which was left behind when that inmate went to the hospital. Plaintiff alleges he tried to hide the property but got accused of stealing and was written up. These allegations do not state a cognizable claim. The court is unable to identify a constitutional guarantee implicated by these allegations. In any amended complaint that plaintiff files, plaintiff may attempt to state a claim by pleading additional facts related to this alleged deprivation.

### V.     Appointment of Counsel

Plaintiff has requested appointment of counsel. (ECF No. 5, 6.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

**VI.     Conclusion and Order**

Plaintiff's complaint does not state any cognizable claims, but plaintiff is granted leave to file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file an amended complaint, it should be titled "first amended complaint" and must state what each named defendant did that led to the deprivation of constitutional rights. See Iqbal, 556 U.S. at 676-677.

Plaintiff is not obligated to file an amended complaint. In the alternative, plaintiff may notify the court he wishes to stand on the complaint as it is currently pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff will be granted an opportunity to file objections, and a district judge will determine whether the complaint states a cognizable claim. In the further alternative, if plaintiff does not wish to pursue his claims further, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

This opportunity to amend is not for the purpose of adding new claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should focus efforts on curing deficiencies of the claims already set forth.

An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

////

////

**VII.    Order**

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's motions for appointment of counsel (ECF Nos. 5, 6) are denied.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

4. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

5. Within thirty days from the date of service of this order, plaintiff must file one of the following:

    a.  An amended complaint curing the deficiencies identified in this order;

    b.  A notice of election to stand on the complaint as filed; or

    c.  A notice of voluntary dismissal.

7. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  September 15, 2022

DLB7
ramo0004.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

7